UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ACUITY, )<br>  )<br>    *Plaintiff,* )<br>  )<br>  *vs.* )<br>  )<br>  )<br>STEVE DUNHAM, *d/b/a Dunham Construction*, JONATHAN GREMORE, JENAYAH GREMORE, LAURA CRYSTAL, and JEFFERY HAYMAN, )<br>  )<br>  )<br>  )<br>  )<br>    *Defendants.* ) | 2:23-cv-00483-JMS-MJD |

**ORDER**

Plaintiff Acuity initiated this litigation on December 22, 2022, in the United States District Court for the Central District of Illinois, and the case was transferred to this Court on October 10, 2023. [Filing No. 1.] On November 20, 2023, Acuity filed an Amended Complaint, in which it alleges that this Court has diversity jurisdiction over this matter. [Filing No. 35.] Defendant Steve Dunham filed an Answer on November 30, 2023, in which he stated that he does not have sufficient information to form a belief as to the truth of some of the allegations regarding the Court's diversity jurisdiction. [Filing No. 36.] In its December 4, 2023 Order, the Court ordered Acuity and Mr. Dunham to file a joint jurisdictional statement and ordered Acuity to file proofs of service since that there was no indication on the docket that the other Defendants (Jonathan Gremore, Jenayah Gremore, Laura Crystal, and Jeffery Hayman) had been served with the Complaint or Amended Complaint. [Filing No. 37.] Acuity and Mr. Dunham filed a Joint Jurisdictional Statement, which the Court accepted as sufficient to establish diversity jurisdiction at that time. [Filing No. 39; Filing No. 42.]   Mr. Gremore, Ms. Gremore, Ms. Crystal, and Mr. Hayman have now waived service and have all filed an answer. [Filing No. 44 (Ms. Crystal and Mr. Hayman's Answer);

Filing No. 46 (Mr. and Ms. Gremore's Answer).] Both answers state that they do not have sufficient information to admit all of the allegations. This leaves the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a joint jurisdictional statement by **February 6, 2024**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date.

Date: 1/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**